**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **BRANDON CLAUSELL,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 5:26-cv-00347-MTT-CHW** |
| **COURTNEY REID, *et al.*,** | : | |
| **Defendants.** | : | **Proceedings Under 42 U.S.C. §1983<br>Before the U. S. Magistrate Judge** |

## ORDER

*Pro se* Plaintiff Brandon Clausell, a prisoner at Hancock State Prison in Sparta, Georgia, filed a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not submit his pleading on the required § 1983 complaint form. More importantly, because Plaintiff filed his lawsuit just eight days after the events giving rise to his claims, it appears that Plaintiff has not exhausted all of his administrative remedies prior to filing suit. *See* ECF No. 1. 42 U.S.C. § 1997e(a) provides, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision generally requires that a prisoner file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the grievance process ***before*** filing suit in federal court. *Brown v. Sikes,* 212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added); *see also Woodford v. Ngo,* 548 U.S. 81, 95 (2006)

(holding that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"). Dismissal of a complaint prior to service upon any defendant is warranted under the screening process set out in 28 U.S.C. § 1915A when a plaintiff has clearly failed to exhaust all available administrative remedies prior to filing suit in federal court. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam). If after being advised of the exhaustion doctrine, Plaintiff realizes he has filed his lawsuit too early, then Plaintiff can request that the Court dismiss his complaint without prejudice so that he may refile once he has completed the prison grievance process.[1]

If instead Plaintiff believes he did fully exhaust his administrative remedies prior to filing this lawsuit, then Plaintiff must now recast his complaint on the Court's standard form. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff's recast complaint **shall take the place of all**

[1] Rule 41 of the Federal Rules of Civil Procedure provides that a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A).

**allegations made in the original pleading**. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law. ***The recast complaint cannot be longer than ten (10) pages in its entirety***. Plaintiff is not to file any supplemental complaints, exhibits, or attachments that take his complaint beyond the page limit.

Plaintiff also failed to pay the filing fee upon initiating this civil action and did not request to proceed without prepayment of the filing fee. Accordingly, Plaintiff must either pay the $405.00 filing fee or, if indigent, submit a properly completed motion to proceed *in forma pauperis*. Plaintiff must complete the entire *in forma pauperis* application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Plaintiff is advised that even if he is allowed to proceed *in forma pauperis*, he must pay the full amount of the filing fee in installments based on funds in the prisoner's account. *See id*. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the

Plaintiff's complaint (or any part thereof) is dismissed prior to service.

In summary, if Plaintiff wishes to proceed with this civil action, then he is **ORDERED** to (1) refile his complaint on the Court's standard § 1983 form as instructed above, and (2) either pay the $405.00 filing fee or if indigent, submit a motion to proceed *in forma pauperis* that includes a certified copy of his inmate trust account for the preceding six months that is signed by a corrections official. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to comply. The **CLERK** is **DIRECTED** to mail Plaintiff a standard 42 U.S.C. § 1983 complaint form, and a copy of the Court's standard *in forma pauperis* application for Plaintiff's use in complying with this Order. Plaintiff must immediately inform the Court in writing of any change in his mailing address and failure to do so may result in dismissal of this action. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED** and **DIRECTED**, this 24th day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge